Dear Mr. Dupleix:
You have requested an opinion of this office as to whether a building owned by a non-profit corporation is subject to property tax when the building is being used by a limited partnership in which the non-profit corporation owns 85% to 87% of the business and the limited partner, who is not entitled to any tax exemption owns the remaining interest.
 Article VII, Section 21 of the Constitution states in part:
 . . . the following property and no other shall be exempt from ad valorem taxation . . .
 (B)(1) Property owned by a non-profit corporation . . . exclusively for . . . health . . . purposes
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association. (emphasis added)
The scope of this general exemption was questioned for the first time in a court in 1981 in Hotel Dieu v. Williams
(403 So.2d 1255, La.App. 4 Cir., 1981) When the court held that property belonging to a non-profit hospital used as a support facility providing office space for the hospital's medical staff as well as a pharmacy, snack bar, and parking area all fell within the scope of commercial purposes related to the exempt purposes of the hospital. In the Hotel Dieu case *Page 2 
the lessee was a non-profit agent of the hospital. In your question the lessee is a partnership. One partner, Our Lady of Lourdes Medical Center, is a non-profit corporation, and the limited partner, Acadiana Radiology Group is a for profit enterprise. The partnership's income is not exempt from state or federal tax as a partnership and is defined by statute as "a judicial person, distinct from its partners . . . (who collaborate at mutual risk for their common profit or commercial benefit." (R.S. 11:2801)
However, while the lessee has a profit making commercial purpose, this purpose is related to the exempt purposes of the property owner, Our Lady of Lourdes Medical Center. Records of the Louisiana Constitutional Convention of 1973: Convention Transcript 2025; Mr. Dennis, a delegate explained their intention with the following hypothetical situation:
 "Now, if they (Tulane) take some property downtown and lease it out for a haberdashery or something, that's clearly not related to an educational purpose and it would not be exempt . . . Hospitals have to run some things that people make money out of in their hospitals, such as: X-ray labs, pathology labs, pharmacies. . . . If one of these purposes were to be classified as commercial, it would make the whole hospital be subject to taxes even though it is related to the operation of a hospital. . . . As long as the hospital is doing something that is related to running a hospital, I don't thing that it should lose its exemption even if someone could classify it as commercial."
The fact that the partnership is a for profit enterprise does not affect the tax exemption status of the property because its purpose is related, to the non-profit corporate owner's purpose of health care. The profits this property owner makes as a partner must, however, be used for the purposes for which the non-profit corporation was organized. It cannot "inure to the benefit of any private shareholder or member thereof . . ." La. Const. 1979, Art. VII, Section 21 (B)(1). *Page 3 
In conclusion, property based by a non-profit hospital to a profit-making partnership which is used for a purpose related to the primary purpose of the non-profit corporation, is exempt fromad valorem taxes.
Trusting that the foregoing has sufficiently answered your inquiry, I remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KENNETH C. DEJEAN
Chief Counsel
KCD/mac
OPINION NUMBER 86-529
October 24, 1986
 119 — Taxation — Exemptions, general 15A — Constitutional Law Art. VII, Sections 20 and 21, of La. Const'n.
Ad valorem tax assessment authorities (including the La. Tax Commission) must make factual determination claimed is actually exempt under the provisions set forth in Art. VII, Section 21, of the La. Constitution. Naked fact of property owner's federal income tax exemption under Mr. Leroy A. Martin U.S. Internal Revenue Code Section Assessor 501(c)(3), without, for example, any Lafourche Parish hint as to the actual use to which Courthouse the property is put, should not alone Thibodaux, LA 70301 establish ad valorem tax exemption.